# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:10cv11

| | |
|---|---|
| CLAUDINE W. GIBSON; and GIBSON INSURANCE AGENCY, LLC, ) ) ) | |
| Plaintiffs, ) ) | |
| Vs. ) ) | ORDER |
| TIS INSURANCE SERVICES, INC.; ) and JOHN PEYTON FRITTS, ) ) | |
| Defendants. ) _____ ) | |

**THIS MATTER** is before the court on Steven Barry Odom's Motion to Postpone Deposition/Quash Subpoena, which has been filed by Mr. Odom *pro se*. Review of the motion reveals a number of problems: (1) the motion does not contain a certificate of service; (2) the motion does not include a copy of the subpoena; (3) the motion does not describe where the deponent resides or the time and place of the deposition; and (4) the motion contains no recognized basis for quashing or modifying the subpoena.

The fourth issue concerns the court the most, as Rule 45, Federal Rules of Civil Procedure, provides what must be shown for the court to modify or quash a subpoena:

> **(3) Quashing or Modifying a Subpoena.**
>
> **(A) When Required.** On timely motion, the issuing court must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party

>    nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
>    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
>    (iv) subjects a person to undue burden.
>
> **(B)** **When Permitted.** To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
>
>    (i) disclosing a trade secret or other confidential research, development, or commercial information;
>
>    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
>
>    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed.R.Civ.P. 45(c)(3). In addition, Rule 32 speaks to use of deposition testimony by unrepresented <u>parties</u>, but does not speak to the use that can be made of depositions taken of unrepresented non-parties.

* * *

Inasmuch as the time between the motion and the proposed deposition is short, the undersigned called counsel for plaintiff, who informed the court that counsel for

the respective parties have agreed to postpone the deposition until January 6, 2011, at 9 a.m., in the offices of TIS Insurance Services in Knoxville, Tennessee. The parties have forwarded to the court an email from the deponent providing his agreement to the postponement to such date.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Steven Barry Odom's Motion to Postpone Deposition/Quash Subpoena (#15) is **DENIED,** and by agreement of the parties and approval of this court, the deposition is **RESCHEDULED** for January 6, 2011, in the offices of TIS Insurance Services in Knoxville, Tennessee. Counsel for plaintiff is advised that a new subpoena issuing from the United States District Court, Eastern District of Tennessee, must be served on deponent in accordance with Rule 45(a)(2)(B) inasmuch as the location has been changed to a place within another state.

Signed: December 17, 2010

Dennis L. Howell
United States Magistrate Judge